# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>COLE LUSBY,<br><br>                Defendant. | Case No. 2:16-cr-00181-APG-PAL<br><br>**ORDER GRANTING IN PART MOTION TO MODIFY RELEASE CONDITIONS**<br><br>[ECF No. 98] |

    Defendant Cole Lusby moved to modify four conditions of his supervised release: Special Conditions 2 (pornography prohibition), 4 (polygraph testing), 5 (minor prohibition), and 6 (computer monitoring). ECF No. 98.  He subsequently withdrew his motion as to conditions 2 and 4. *See* ECF No. 104 at 5-6.  Thus, I will address only Special Conditions 5 and 6.

    The Government opposes any modification to these conditions. ECF No. 101.  However, Probation Officer Steven Goldner, who supervises Lusby, believes that his "office can achieve an appropriate level of supervision on Mr. Lusby without a computer monitoring condition." ECF No. 101-1.  I rely on the Probation Office's opinions and recommendations when crafting conditions of supervision.  Because the Probation Office does not believe computer monitoring is necessary at this time, I will remove Special Condition 6.  The Government and Probation Office may move to reinstate it in the future should they deem it necessary.

    As to the prohibition against having contact with minors (Special Condition 5), Lusby argues that this is a burdensome requirement that is not justified by the facts of this case.  He points out that his prior sex offense is 12 years old, he was 23 years old at the time, and the victim was only seven years younger than him.  He points out that he has been attending counseling and undergone polygraph testing, and that his counselor Pauline Hildreth now agrees he is at low risk of reoffending.  The Government offers no evidence to support this condition other than his 12-year old conviction and the general need for deterrence. ECF No. 101 at 6-7.

While deterrence and protection of the public are legitimate goals, a condition of supervision must be reasonably related to achieving those goals and must not infringe on the defendant's liberty more than is reasonably necessary to accomplish that goal. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).  Here there is no evidence that Lusby is attracted to, or a danger to, minors.  His crime involving a minor occurred 12 years ago, the facts were significantly different than the present situation, and the Government offers nothing to show Lusby is inclined or likely to commit another crime against a minor.  I did not impose this condition when I sentenced Lusby for the underlying offense.  I added it only after he violated supervision by absconding, based upon his breach of my trust.  The record at this time does not support this condition of supervision, so I will remove it.

I THEREFORE ORDER that defendant Cole Lusby's motion to modify conditions of supervision **(ECF No. 98) is granted in part**.  Special Conditions 5 (minor prohibition) and 6 (computer monitoring) are removed.  The Government may move to reinstate those conditions if the circumstances change to a point where they become warranted.

Dated: November 3, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE